HILDING FROLING *vs.* ELIZABETH HOWARD.

Hancock County. Decided December 23, 1925. In the trial court, the taking of evidence in this case closed without the defendant having offered any. Counsel for the defendant moved the directing of verdict favorable to his side, and the motion obtained.

Thereupon the plaintiff saved the exception which is argued, for and against, here.

Times there are when verdicts ought to be directed. This is on the concept that where, as matter of law, on established facts, verdict in one way only could be sustained, it would be even worse than the

wasting of time to await a correct decision, and if not given to do indirectly what might have been directly done before.

Where, however, from the one record competent minds may validly deduce contrary inferences, gather different meanings, and arrive at unlike conclusions then the judge must not presume to command what shall be the judgment of the jury.

Such was the state of the testimony in the instant action. And, therefore, the direction of the verdict constitutes reversible error.

The decision on the foregoing point sending the case back for another trial, it is not perceived that it would suffice material purpose to pass upon the remaining exception which has relationship to the exclusion from the evidence at the former trial of a proffered deposition. First exception sustained. *Wood & Shaw*, for plaintiff. *Lynam & Rodick*, for defendant.